IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DURLEAN CRAYTON and
EVIE ROBINSON,

        Plaintiffs,

v.

OMAHA PUBLIC SCHOOLS,
a government education district
established under the laws of
Nebraska, and PRINCIPAL
BARBARA WILD, a Nebraska
resident in her individual
capacity,
        Defendants.

Case No. 8:13CV240

PROTECTIVE ORDER

    The parties to this action, Defendants Omaha Public Schools ("OPS") and Principal Barbara Wild ("Wild") (collectively referred to hereinafter as "Defendants") and Plaintiffs Durlean Crayton ("Crayton") and Evie Robinson ("Robinson") (collectively referred to hereinafter as "Plaintiffs"), by their respective counsel, hereby stipulate and request that the Court enter a mutual Protective Order pursuant to Fed. R. Civ. P. 26 as follows:

    1.    The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

    2.    The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

        (a)    Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendants' current or former personnel; policies, procedures and/or training materials of Defendant OPS; and/or Defendant OPS' organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendants' current or former employees or contractors;

(d) Any documents which include names or identification of minor children;

(e) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following label or designation on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents, witnesses, or potential witnesses as deemed necessary by either party's counsel for preparation for their depositions or trial testimony and as necessary during such proceedings;

    (e)    The parties to this litigation, their officers and professional employees;

    (f)    Persons who appear on the face of the Confidential Information as an author, addressee, or recipient of the Confidential Information;

    (g)    The Court and any of its staff and personnel; and

    (h)    Court reporters.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown or provided shall be provided with a copy of this Order and will sign an acknowledgement form of such receipt and their agreement to abide by this Order as set forth in Exhibit A, attached. Deponents, witnesses, or potential witnesses may be shown or provided with Confidential Information but must return such Confidential Information to the counsel who provided it, at the final conclusion of this litigation.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within ninety (90) days that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person

making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose. However, counsel agree that all information produced in this action may be used for the purpose of defending an action against said counsel or responding to a disciplinary complaint against said counsel.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Upon termination of this action by entry of a final judgment or decision or settlement (whether settlement, summary judgment, trial judgment or decision on appeal), the parties and their counsel shall return Confidential Information (which was not filed with the Court) to the party's counsel who produced such Confidential Information within thirty (30) days of said final judgment or decision, with the exception that the Plaintiffs may retain their own personnel files/employment records.

11. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

IT IS SO ORDERED:

September 26, 2014.

BY THE COURT:

*Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge

Submitted by:

Dated: August 29, 2014

DURLEAN CRAYTON and EVIE ROBINSON, Plaintiffs.

By: *Mary Kay Green*
Mary Kay Green #
Attorney for Plaintiffs
502 SE 3rd Street
Suite 5
Lees Summit, MO 64063
Phone: (816) 272 – 5442
Facsimile: (816) 877 – 2780
Email: mkgkansascity@kc.rr.com

Dated: August 29, 2014

OMAHA PUBLIC SCHOOLS and PRINCIPAL BARBARA WILD, Defendants.

By: *Heidi Guttau-Fox*
Heidi A. Guttau-Fox, #21570
Attorney for Defendants
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, Nebraska 68102
Phone: (402) 636-8290
Facsimile: (402) 344-0588
E-mail: hguttau-fox@bairdholm.com

**(Exhibit A)**

**Acknowledgement**

The undersigned hereby acknowledges receipt of a copy of the Stipulated Protective Order entered in Case No. 8:13CV240 and hereby agrees to abide by its terms.

_____

DOCS/1237921.1